IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES STANTON SULLIVAN, JR., individually, as heir and as personal representative of Ruth S. Sullivan, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF DADEVILLE, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL CASE NO. 3:22-cv-653-ECM<br>)                    [WO]<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Plaintiff Charles Stanton Sullivan, Jr.'s ("Sullivan") brought this action *pro se*, asserting various federal claims regarding a law office building owned by Sullivan's late mother, Ruth Sullivan, located in Dadeville, Alabama. On February 27, 2024, the Magistrate Judge entered a Recommendation that Defendants City of Dadeville, Peter Golden ("Golden"), and Mitzy Hidding's ("Hidding") (collectively, "Defendants") motion to dismiss or, in the alternative, motion for summary judgment (doc. 43) be granted in part and denied in part; that Sullivan's motion to deny defendants' motions (doc. 54) be granted in part and denied and part; that the Dadeville Police Department be dismissed as a defendant; and that this matter be referred back to the Magistrate Judge for further proceedings. The Magistrate Judge recommends that the Defendants' motion be denied as to Sullivan's 42 U.S.C. § 1983 due process claim that the Defendants are attempting to take his property by preventing him from repairing the law office building at his own expense,

and that the motion be granted as to Sullivan's other claims. The Defendants filed timely objections to the Recommendation, (doc. 89), and Sullivan filed a motion to reconsider, (doc. 90), which the Court construes as objections to the Magistrate Judge's Recommendation.

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the parties' respective objections, and for the reasons explained below, the Court concludes that the parties' respective objections are due to be overruled and the Magistrate Judge's Recommendation is due to be adopted as modified herein. Disposition of the parties' respective motions is set out further below.

## II.  LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. See *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of

fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

### III.  DISCUSSION

The Court will begin by addressing the Defendants' objections before turning to Sullivan's objections and motion to reconsider.  The Court will then address the Sullivan's motion to deny the Defendants' motion.

#### A.  The Defendants' Objections

#### 1.  First Objection

The Defendants first object to the Recommendation's statement that they had failed to explain "why formal building applications would be required if Golden had already told Plaintiff that his permit applications would be denied for various shifting reasons." (Doc. 89 at 2) (quoting doc. 88 at 21).  As the Magistrate Judge explained, Sullivan asserts that the first time he requested a building permit, Golden told him he could not have a building permit at all; the second time, Golden told him that he must secure a licensed general contractor for the work; and the third time, Golden told him that his "chosen general contractor would not do, and instead he must secure a life safety and general structural engineer for the project." (Doc. 88 at 20–21) (citing doc. 40-1 at 5–6).  In support of their objection, the Defendants cite statements within, and an affidavit attached to, their reply brief.  In the reply brief, as referenced in their objections, the Defendants stated that "[s]ince the City has not yet begun any repairs to the Building, Plaintiff could still hire a general

contractor and make repairs himself." (Doc. 59 at 3–4; doc. 89 at 2).  Additionally, Golden in his affidavit states he told Sullivan that, because the work necessary to repair the building would exceed $50,000, this work must be performed by a licensed general contractor, and thus when Sullivan requested a permit to personally perform the repairs, Golden denied him the permit because Sullivan is not a general contractor.  Neither this statement nor the remainder of the Defendants' submission casts doubt on or demonstrates any reversible error in the Magistrate Judge's statement.  Additionally, the Defendants made this argument and presented Golden's affidavit for the first time in their reply brief, and courts generally do not consider those arguments or evidence. *See, e.g.*, *Hope For Fams. & Cmty. Serv., Inc. v. Warren*, 721 F. Supp. 2d 1079, 1190 (M.D. Ala. 2010) (declining to address an argument "because it was raised for the first time in the reply brief").[1]  This Court discerns no compelling reason why the Defendants could not have presented this argument and evidence in their initial motion as opposed to the reply.  For these reasons, the Defendants' first objection is due to be overruled.

   2. **Second Objection**

In their second objection, the Defendants, citing new evidence, argue that Sullivan admitted during a prior hearing that he cannot afford to make the necessary repairs to the subject property.  The Defendants explain that their initial evidentiary submission of the relevant city council minutes was cut off, and they now attach the complete minutes to their

---

[1] Here, and elsewhere in this opinion, the Court cites nonbinding authority.  While the Court acknowledges that these cases are nonprecedential, the Court finds their analysis persuasive.

objections, (*see* doc. 89-2 at 1–5). Assuming without deciding that the Defendants' earlier omission of the complete minutes is excusable and warrants this Court's review of their new evidence in the first instance, the Court observes that, according to the minutes, Sullivan said he would "be glad to rectify all of that, but it is a matter of money." (Doc. 89-2 at 4). The Court is not persuaded that the only reasonable inference from this one statement is that Sullivan cannot afford to make the necessary repairs. Additionally, and significantly, the Defendants fail to sufficiently articulate how Sullivan's statement establishes any error in the Magistrate Judge's analysis or conclusion concerning Sullivan's claim. The Court finds that this objection is not sufficiently specific, and the Court further finds that the Magistrate Judge did not commit any clear error. Consequently, this objection is due to be overruled.

### 3. Third Objection

In their third objection, the Defendants argue that the due process claim against Hidding should be dismissed because she "has not been named as a defendant in any official capacity" and because Sullivan has failed to plead sufficient facts connecting Hidding to Sullivan's inability to obtain a building permit. The Defendants did not make this argument in their motion to dismiss, (*see generally* docs. 42, 43), or in their reply brief, (*see generally* doc. 59). The Court declines to consider this argument which was presented for the first time in the Defendants' objections. The Defendants are free to re-raise this argument at summary judgment or other appropriate stage of these proceedings. Accordingly, this objection is due to be overruled.

### B. Sullivan's Motion to Reconsider and Objections

The Court has carefully reviewed Sullivan's motion to reconsider and objections. (Doc. 90). To the extent Sullivan makes conclusory objections or merely restates the factual allegations in his complaint or his prior arguments, these objections are reviewed for clear error and are due to be overruled. The Court addresses Sullivan's objections and motion to reconsider in further detail below.

#### 1. Equal Protection Claim

Sullivan objects to the dismissal of his equal protection claim and requests discovery to uncover additional facts about another property which he claims is similarly situated to the law office building. But a plaintiff armed with an insufficiently pleaded complaint generally is not entitled to "unlock the doors of discovery" to uncover facts pertaining to his or her claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Consequently, this objection is due to be overruled.

#### 2. § 1983 Procedural Due Process Claim—Denial of Right to be Heard

Sullivan also objects to Section VI.G. of the Recommendation concerning his § 1983 procedural due process claim premised upon the alleged denial of his right to be heard at the July 2022 city council meeting, after which the city council voted to declare the law office building a nuisance. Sullivan argues that he did not receive adequate process at the meeting because, among other reasons, he was allowed to speak for only five minutes; he was allowed to speak only once, whereas Golden was permitted to speak twice; and he was not allowed to question witnesses. In their motion (doc. 43), the Defendants

asserted that Sullivan received constitutionally adequate process at the meeting and that his due process claim fails in any event because adequate postdeprivation remedies are available to him in the form of a post-decision review process under Alabama law, *see* ALA. CODE § 11-40-32(b).

Regarding the adequacy of the process at the city council meeting, the Recommendation states that the Defendants' evidentiary submission containing the meeting minutes was missing the portion where Sullivan spoke, and so it was not possible to tell from the submission what Sullivan was or was not able to say "or to assess Defendants' argument on this point." (Doc. 88 at 29).[2]  Regarding postdeprivation remedies, the Recommendation relies on *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1239 (11th Cir. 2003), for the proposition that where "an adequate post-deprivation process is in place under state law, no federal procedural due process claim exists." (Doc. 88 at 30) (quoting *Foxy Lady*, 347 F.3d at 1239).  The Magistrate Judge concluded that because Sullivan can pursue post-hearing review under Alabama law, he has adequate postdeprivation process and thus lacks a procedural due process claim.

"Where a deprivation of property is authorized by an established state procedure and it is practicable for the State to provide pre-deprivation procedures, due process has been consistently held to require pre-deprivation notice and a hearing in order to reduce the possibility of a wrongful deprivation." *Fetner v. City of Roanoke*, 813 F.2d 1183, 1186

---

[2] As indicated above, the Defendants attached to their objections the complete meeting minutes. (*See* doc. 89-2 at 1–5).

(11th Cir. 1987). "In situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation . . . remedy to compensate for the taking." *Zinermon v. Burch*, 494 U.S. 113, 132 (1990); *see Barr v. Johnson*, 777 F. App'x 298, 301 (11th Cir. 2019) ("Generally speaking, procedural due process requires that the state give the individual notice and an opportunity to be heard *before* a deprivation." (emphasis added)). "[T]he government must provide the requisite notice and opportunity for a hearing 'at a meaningful time and in a meaningful manner.'" *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citation omitted). "[D]ue process is a flexible concept that varies with the particular circumstances of each case . . . ." *Id.* Courts consider three factors in determining whether the procedural due process provided is adequate:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *accord Worthy v. City of Phenix City*, 930 F.3d 1206, 1223 (11th Cir. 2019).

The Recommendation's conclusion hinges on the legal premise that Sullivan has no actionable due process claim so long as postdeprivation remedies are available. But applying that premise would require the Court to "gut[] any notions of predeprivation due process and blanketly hold[] that a state can effectuate any and all deprivations under a

8

'shoot first, ask questions later' mentality, so long as it offers *ex post facto* recourse." *Barr*, 777 F. App'x at 302. It would also ignore the rule articulated in *Zinermon* and other decisions that predeprivation process is the general rule, not the exception. *See Zinermon*, 494 U.S. at 132; *Fetner*, 813 F.2d at 1186; *Barr*, 777 F. App'x at 301. The Court thus declines to adopt this portion of the Recommendation.

Nonetheless, the Court finds that any error in the Recommendation's analysis does not change the ultimate outcome on this due process claim. Here, it is undisputed that Sullivan received *some* predeprivation notice and opportunity to be heard at the July 2022 city council meeting, but he contends that it was not sufficiently meaningful because, for example, he was allowed to speak for only five minutes; he was allowed to speak only once, whereas Golden was permitted to speak twice; and he was not allowed to question witnesses. While the predeprivation process Sullivan received may not have been ideal, that does not mean that the process was constitutionally deficient. Under the circumstances of this case, and considering the *Mathews* factors, the Court concludes that Sullivan has failed to show that the predeprivation process he received was *constitutionally* inadequate. *See Grayden*, 345 F.3d at 1232 (explaining that "constitutionally-inadequate process" is an element of a procedural due process claim). Additionally, the Court concludes that the availability of a post-hearing review process, while not dispositive, further supports the Magistrate Judge's conclusion that Sullivan lacks a viable procedural due process claim on this issue. Consequently, the Court concludes that Sullivan's objections are due to be overruled.

### 3. Sullivan's Remaining Objections

Sullivan's remaining objections reflect a disagreement with the Magistrate Judge's Recommendation, but they fail to establish any error in the Magistrate Judge's reasoning or conclusions. Consequently, these objections are due to be overruled.

### 4. Motion to Reconsider

Because the Court has construed Sullivan's motion to reconsider (doc. 90) as objections to the Magistrate Judge's Recommendation, the motion to reconsider (doc. 90) is due to be denied as moot.

### C. Sullivan's Motion to Deny Defendants' Motions (doc. 54)

Upon review of Sullivan's motion (doc. 54), the Court construes it as a response in opposition to the Defendants' motion to dismiss, or in the alternative, motion for summary judgment (doc. 43). Here, filing a response in opposition to the Defendants' dispositive motions was sufficient; it was not necessary to also move the Court to deny the Defendants' motions. The Court has considered Sullivan's arguments in opposition to the Defendants' motion. Consequently, the Court in its discretion finds that Sullivan's motion to deny defendants' motions (doc. 54) is due to be denied as moot.

## IV. CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1.   The Defendants' objections (doc. 89) are OVERRULED;

2.   Sullivan's objections (doc. 90) are OVERRULED;

3. Sullivan's motion to reconsider (doc. 90) is DENIED as moot;

4. The Recommendation (doc. 88) is ADOPTED as modified herein;

5. The Defendants' motion to dismiss, or in the alternative, motion for summary judgment (doc. 43) is further GRANTED IN PART and DENIED IN PART as follows:

   a. The motion to dismiss (doc. 43) is DENIED as to Sullivan's § 1983 due process claim based upon the Defendants' alleged attempt to take his property by preventing him from repairing the law office building at his own expense, and GRANTED as to the remaining claims;

   b. The motion for summary judgment (doc. 43) is DENIED as to Sullivan's § 1983 due process claim based upon the Defendants' alleged attempt to take his property by preventing him from repairing the law office building at his own expense, and DENIED as moot as to the remaining claims;

6. The Dadeville Police Department is DISMISSED from this action;

7. Sullivan's motion to deny Defendants' motions (doc. 54) is DENIED as moot;

8. This case is REFERRED back to the Magistrate Judge for further proceedings consistent with this Memorandum Opinion and Order.

DONE this 26th day of March, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE