IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES STANTON SULLIVAN, JR., individually, as heir and as personal representative of Ruth S. Sullivan, deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 3:22-cv-653-ECM-JTA<br>) (WO)<br>) |
| THE CITY OF DADEVILLE, et al., | )<br>) |
| Defendants. | ) |

# **ORDER**

Before the court is the Motion to Strike filed by Defendants Mayor Frank Goodman, Brownie Caldwell, Teneeshia Goodman-Johnson, Tony Wolfe, Darryl Heard, Jonathan Floyd, and Terry Greer. (Doc. No. 86.) For the reasons stated below, the motion is due to be denied.

On November 6, 2023, the court ordered that, on or before December 15, 2023, Plaintiff was to show cause why Defendants' motions to dismiss and motions for summary judgment should not be granted. (Doc. No. 70.) The court expressly ordered that Plaintiff's response "shall be in a single brief **not longer than 50 pages in length**," excluding evidentiary attachments. (Doc. No. 70 at 2 (emphasis in original)). In setting the page limit, the court took into account Plaintiff's self-acknowledged difficulties in limiting the length of his filings, and the court set the page limit as a balanced approach to fulfilling its obligation to efficiently manage this case while giving Plaintiff a full and fair opportunity

to be heard. The court further advised Plaintiff "to address the issues raised in the motions (Docs. No. 65 and 68) and state why the motions should not be granted and why this case should not be dismissed." (Doc. No. 70 at 3.)

Plaintiff's response brief weighs in at 67 pages, single-spaced, excluding evidentiary attachments. (Doc. No. 84.) Its contents appear intended to address the pending dispositive motions, although it does contain superfluous information and arguments.

On December 29, 2023, Defendants moved to strike Plaintiff's response brief on grounds that it did not comply with the court's November 6, 2023 Order because it exceeded the page limit and contained matters that were not directly responsive to the dispositive motions. (Doc. No. 86.) They also replied to it. (*Id.*) Defendants also took issue with certain language Plaintiff has used to describe what he perceives as Defendant Hidding's undue influence over the Dadeville City Council. (*Id.*)

On January 1, 2024, Plaintiff filed a document that the court has since construed as a response to Defendants' motion to strike. (Docs. No. 87, 95.) In it, he states that, due to a stroke, he "has little control of where his mind wanders." (Doc. No. 87 at 1.) He tries to explain why he covered all the topics encompassed in his response brief.  He reports that he attempted to edit his response brief to make it shorter and "edited the worst out," but ran short on time to make further redactions before the filing deadline. (*Id.*) He also doubled down on his negative descriptions of Defendant Hidding.

"[T]hough he is *pro se*, [a litigant] is required to comply with court orders and the Federal Rules of Civil Procedure." *Municipality of Dothan v. Hammond*, No. 1:24-CV-289-ECM-JTA, 2024 WL 2378870, at *1 n.1 (M.D. Ala. May 22, 2024) (citing *Maus v.*

2

*Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013))). ***Plaintiff is WARNED that, in the future, he shall scrupulously abide by the court's orders, or risk sanctions up to and including striking of noncompliant filings or dismissal of this case with prejudice***. This case must move forward, and requirements such as page limits are designed to focus the litigation on the pertinent issues so that the case can move forward. If Plaintiff is truly unable to meet the requirements set by the court, he shall timely notify the court in an appropriate motion.

Plaintiff is further ADVISED to avoid unnecessarily irreverent or impertinent language. Calling into question the personal character of Defendant Hidding, for instance, tends to fall in that category. Plaintiff should focus his arguments instead on the merits of the claims and defenses in this case. *See Sullivan v. Prattville Health & Rehab.*, LLC, No. 3:22-CV-702-RAH-JTA, 2024 WL 2755683, at *8 (M.D. Ala. May 29, 2024) (Order and Recommendation of the Magistrate Judge) (advising this same Plaintiff that, "[t]hough [he] is understandably upset about the alleged misconduct of Defendants, Plaintiff's pleading is in places unnecessarily and inappropriately impertinent... Casting aspersions with such language is inappropriate in pleadings in federal court.").

Nonetheless, in light of Plaintiff's stroke-derived difficulties, in an effort to keep this case moving forward, and in observance of the judicial preference for deciding cases on their merits where possible, the court will deny the motion to strike in this instance. Accordingly, it is

ORDERED that the Motion to Strike filed by Defendants Mayor Frank Goodman, Brownie Caldwell, Teneeshia Goodman-Johnson, Tony Wolfe, Darryl Heard, Jonathan Floyd, and Terry Greer (Doc. No. 86) is DENIED.

DONE this 12th day of June, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE