IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES STANTON SULLIVAN, JR., individually, as heir and as personal representative of Ruth S. Sullivan, deceased,<br><br>  Plaintiff,<br><br>v.<br><br>THE CITY OF DADEVILLE, et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 3:22-cv-653-ECM-JTA<br>) (WO)<br>)<br>)<br>) |

## ORDER

Before the court is Defendant Chance Hunt's Limited Appearance and Motion to Quash Purported Service. (Doc. No. 80.) Also before the court is *pro se* Plaintiff Charles Stanton Sullivan, Jr.'s Motion to Extend Time for Service on Officer Chance Hunt. (Doc. No. 85.) For the reasons stated below, the Motion to Extend Time for Service (Doc. No. 85) will be GRANTED, and the Motion to Quash Purported Service (Doc. No. 80) will be DENIED as moot. Further, the court will order that service be made on Defendant Hunt by the United States Marshals Service.

### I.  DISCUSSION

In 2012, Plaintiff suffered a damaging stroke that left him unable to work because of memory problems, pain, seizures, sudden fatigue, and other medical issues. (Doc. No.

40-1 at 4.) [1] Of note, Plaintiff has repeatedly and consistently informed the court that these stroke-related memory and health issues hamper his ability to prosecute this case, including drafting documents, perfecting service, and accurately remembering important details and information. (*See, e.g.*, Doc. No. 60; Doc. No. 71; Doc. No. 85; Doc. No. 84 at 30-31 (explaining that, because of the stroke, Plaintiff's "[m]emory is a big problem"); Doc. No. 90 at 4.)

Plaintiff filed this action on November 11, 2022. (Doc. No. 1.) On August 1, 2023, he filed an amended complaint. (Doc. No. 40.) In his amended complaint, he brought claims pursuant to 42 U.S.C. § 1983 against Defendant Hunt arising out of an allegedly unconstitutional search and seizure in which Defendant Hunt allegedly participated in his then-capacity as a police officer for Defendant City of Dadeville. (Doc. No. 40; Doc. No. 40-1 at 2, 7-8, 16-17.)

Monday, October 30, 2023 was the deadline for Plaintiff to serve Defendant Hunt. *See* Fed. R. Civ. P. 4(m). Beginning on October 3, 2023, Plaintiff began to file periodic updates regarding his difficulties in serving Defendant Hunt, although he did not expressly move for extension of the 90-day service deadline set by Rule 4(m). The dates on which the court received these periodic updates were October 3, October 13, and November 6, 2023. (Doc. No. 57 (reporting that efforts at service on Defendant Hunt were hampered by Defendant's memory issues and other challenges, but that Plaintiff and his process server

---

[1] Facts gleaned from the amended complaint are presented here for context only; they are not dispositive to the ruling represented in this Order.

were undertaking efforts to serve him); Doc. No. 61 (reporting ongoing efforts to serve Defendant Hunt); Doc. No. 71 (reporting that Hunt had been served, despite Defendant Hunt's alleged refusal to come to the door at his home to answer the process server and the Tallapoosa Sheriff's Office's alleged refusal to let Plaintiff know Defendant Hunt's work schedule).)

On November 6, 2023, Plaintiff filed a proof of service in which his process server swore under penalty of perjury that he had "personally served the summons" on Defendant Hunt at "192 S. Broadnax Street[,] Dadeville, Alabama" on October 25, 2023. (Doc. No. 72.) Meanwhile, Plaintiff timely served the other Defendants in this action. (Docs. No. 58, 62.)

It is undisputed that the Broadnax Street address is the address of the Dadeville City Police Department, and the court takes judicial notice of this fact. It is also undisputed that Defendant Hunt no longer works for the Dadeville police department, has not worked there since at least October 13, 2023 (if not before), and now works for the Tallapoosa Sheriff's Department. (Doc. No. 61 at 2; Doc. No. 71 at 2; Doc. No. 80-1; Doc. No. 85 at 2.) At the time Plaintiff filed the proof of service, "Plaintiff ha[d] known of [Defendant Hunt's] new job for some time." (Doc. No. 85 at 2.)

On November 22, 2023, Defendant Hunt filed a limited appearance and motion to quash service, to which he attached an affidavit attesting that he was never personally served with the summons or complaint in this case, that he did not work at the Broadnax Street address reflected on the proof of service, and that he had not given anyone authority to accept service on his behalf. (Doc. No. 80; Doc. No. 80-1.)

3

On December 28, 2023, Plaintiff filed a motion to extend the time for service of process on Defendant Hunt, in which he again discussed the difficulties in serving Defendant Hunt and stated that Defendant Hunt had been "served after some effort by placing process and complaint in his mail box." (Doc. No. 85 at 2.)

Plaintiff has demonstrated that he did diligently attempt to perfect service prior to the expiration of the deadline to do so. He has demonstrated good cause for an extension of time under Rule 4(m), and his motion for extension of time will be granted. Fed. R. Civ. P. 4(m) (providing that "the court must extend the time for service for an appropriate period" "if the plaintiff shows good cause for the failure" to serve a defendant within the 90-day time limit).

Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed R. Civ. P. 4(c)(3). Plaintiff has requested the court's assistance in perfecting service on Defendant Hunt. (Doc. No. 85 at 2.) Though Plaintiff did not specifically request service by a United States marshal, the court construes his filing liberally because he is *pro se*, and the court finds that Plaintiff's requests for the court's assistance with service and for the court to choose a method to accomplish service of process are sufficient to invoke the court's discretion to order service by a United States marshal or deputy marshal. Fed. R. Civ. P. 4(c)(3). Further, to ensure the efficiency of service so that this case can move forward, and in light of Plaintiff's health and other issues and his previous efforts to serve Defendant Hunt, the

4

court will exercise its discretion pursuant to Rule 4(c)(3) and will grant the request for service by a United States marshal or deputy marshal.

Finally, it is undisputed that Defendant Hunt has not been served in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. However, in light of the granting of Plaintiff's motion to extend the time to serve Defendant Hunt,[2] his motion to quash is due to be denied as moot.

## II.   CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion to Extend Time for Service on Officer Chance Hunt (Doc. No. 85) is GRANTED. Plaintiff shall serve Defendant Hunt **not later than 35 days after the filing of his amended pleading in accordance with the July 3, 2024 Order and Recommendation of the Magistrate Judge (Doc. No. 99.)**

2. In the event that Plaintiff chooses **not** to include claims against Defendant Hunt in his amended pleading, he shall notify the court in writing that he has chosen to voluntarily dismiss Defendant Hunt from this action and that the assistance of the United States Marshal is no longer needed. **The notice shall be filed <u>on the date Plaintiff files the amended pleading</u>.**

3. Defendant Hunt's Motion to Quash Purported Service (Doc. No. 80) is DENIED as moot.

---

[2] The court notes that the case is still at the pleading stage. Plaintiff has recently been ordered to file an amended complaint. (Doc. No. 99.)

4. The United States Marshal or a deputy marshal shall serve the summons and complaint on Defendant Chance Hunt. Plaintiff shall timely provide the necessary service material to the United States Marshal.

DONE this 8th day of July, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE