IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES STANTON SULLIVAN, JR., individually, as heir and as personal representative of Ruth S. Sullivan, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL CASE NO. 3:22-cv-653-ECM [WO] |
| THE CITY OF DADEVILLE, *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Charles Stanton Sullivan, Jr. ("Sullivan") brought this action *pro se*, asserting various federal claims regarding a law office building owned by Sullivan's late mother, Ruth Sullivan, located in Dadeville, Alabama.  On July 3, 2024, the Magistrate Judge entered a Recommendation that the motion to dismiss filed by Defendants Brownie Caldwell ("Caldwell"), Johnathan Floyd ("Floyd"), Frank Goodman ("Goodman"), Teneeshia Goodman-Johnson ("Goodman-Johnson"), Darryl Heard ("Heard"), and Tony Wolfe ("Wolfe") (doc. 65) be granted in part and denied in part; the motion for summary judgment filed by Caldwell, Floyd, Goodman, Goodman-Johnson, Heard, and Wolfe (doc. 65) be denied in part and denied as moot in all other respects; the motion to dismiss filed by Defendant Terry Greer ("Greer") (doc. 68) be granted in part and denied in part; the motion for summary judgment filed by Greer (doc. 68) be denied in part and denied as moot in all other respects; and this matter be referred back to the Magistrate Judge for

further proceedings. Sullivan filed timely objections to the Magistrate Judge's Recommendation. (Doc. 101).[1]

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Sullivan's respective objections, and for the reasons explained below, the Court concludes that Sullivan's objections are due to be overruled and the Magistrate Judge's Recommendation is due to be adopted.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review

---

[1] Objections were originally due by July 18, 2024. (Doc. 99 at 46). On July 22, 2024, Sullivan moved for leave to file untimely objections (doc. 101), which the Court granted (doc. 102).

of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed Sullivan's objections. (Doc. 101). His objections amount to little more than restatements of the allegations in his pleadings and arguments previously made to and considered by the Magistrate Judge. These objections are reviewed for clear error and, on this record, are due to be overruled. To the extent Sullivan introduces new factual allegations in his objections, the Court declines to consider them. *Cf. Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013) ("[A] plaintiff cannot amend his complaint through argument made in his brief in opposition to the defendant's motion for summary judgment."). In sum, while Sullivan's objections reflect a disagreement with the Magistrate Judge's Recommendation, they fail to establish any error in the Magistrate Judge's reasoning or conclusions. Consequently, his objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1.      Sullivan's objections (doc. 101) are OVERRULED;

2.      The Recommendation (doc. 99) is ADOPTED;

3.      The motion to dismiss, or in the alternative, motion for summary judgment filed by Caldwell, Floyd, Goodman, Goodman-Johnson, Heard, and Wolfe (doc. 65) is GRANTED IN PART and DENIED IN PART as follows:

    a.  The motion to dismiss (doc. 65) is DENIED as to Sullivan's § 1983 due process claim against Caldwell, Floyd, Goodman, Goodman-Johnson, Heard, and Wolfe in their individual capacities based upon their alleged attempt to take his property by preventing him from repairing the law office building at his own expense.  The motion to dismiss (doc. 65) is GRANTED as to all other claims against Caldwell, Floyd, Goodman, Goodman-Johnson, Heard, and Wolfe;

    b.  The motion for summary judgment (doc. 65) is DENIED as to Sullivan's § 1983 due process claim against Caldwell, Floyd, Goodman, Goodman-Johnson, Heard, and Wolfe in their individual capacities based upon their alleged attempt to take his property by preventing him from repairing the law office building at his own expense.  The motion for summary judgment (doc. 65) is DENIED AS MOOT in all other respects;

4.    The motion to dismiss, or in the alternative, motion for summary judgment filed by Greer (doc. 68) is GRANTED IN PART and DENIED IN PART as follows:

    a.  The motion to dismiss (doc. 68) is DENIED as to Sullivan's § 1983 due process claim against Greer in his individual capacity based upon Greer's alleged attempt to take Sullivan's property by preventing him from repairing the law office building at his own expense.  The motion to dismiss (doc. 68) is GRANTED as to all other claims against Greer;

    b.  The motion for summary judgment (doc. 68) is DENIED as to Sullivan's § 1983 due process claim against Greer in his individual capacity based upon Greer's alleged attempt to take Sullivan's property property by preventing him from repairing the law office building at his own expense.  The motion for summary judgment (doc. 68) is DENIED AS MOOT in all other respects;

5.    This case is REFERRED back to the Magistrate Judge for further proceedings consistent with this Memorandum Opinion and Order.

DONE this 19th day of September, 2024.

                    /s/ Emily C. Marks
                    EMILY C. MARKS
                    CHIEF UNITED STATES DISTRICT JUDGE