IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES STANTON SULLIVAN, JR., individually, as heir and as personal representative of Ruth S. Sullivan, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 3:22-cv-653-ECM<br>) |
| THE CITY OF DADEVILLE, *et al.*, | )<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff Charles Stanton Sullivan, Jr. ("Sullivan") brought this action *pro se*, asserting various federal claims regarding a law office building owned by Sullivan's late mother located in Dadeville, Alabama. On May 15, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed without prejudice for failure to comply with Court Orders—most recently, the Court's Order that Sullivan file an amended complaint by October 17, 2024. (Doc. 109). Sullivan filed timely objections to the Magistrate Judge's Recommendation. (Doc. 110).[1] Additionally, on July 23, 2025, Sullivan filed a document styled "Motion to Allow Complaint Summital," (doc. 113), to which Sullivan attaches a proposed amended complaint.

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Sullivan's objections, and for the reasons explained below, the Court

---

[1] Pursuant to the Magistrate Judge's June 4, 2025 Order (doc. 111), Sullivan's June 2, 2025 submission (doc. 110) was construed as objections to the Recommendation, which the Magistrate Judge deemed timely.

concludes that Sullivan's objections are due to be overruled, the Magistrate Judge's Recommendation is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error.

Sullivan filed this action on November 10, 2022—nearly three years ago.  In her thorough and well-reasoned Recommendation, the Magistrate Judge outlined the procedural history of this case, including some of the many delays occasioned by Sullivan's requests for additional time to comply with Court Orders.  As the Magistrate Judge

2

explained, Sullivan frequently sought extensions of times due to, among other reasons, personal health issues, weather events, transportation issues, business setbacks, and cattle ailments. (*See, e.g.*, doc. 109 at 4 n.3). Based on this history, the Magistrate Judge found "a clear record of delay." (*Id.* at 4).

The Court has carefully reviewed Sullivan's objections. (Doc. 110). The objections consist largely of a laundry list of trials and tribulations Sullivan has undergone since this case was filed, including water damage to his late mother's law office resulting from an April 15, 2025 tornado. (*See, e.g.*, *id.* at 5). Sullivan fails to adequately explain why he was unable to file an amended complaint by the original October 17, 2024 deadline; or at any time in the subsequent seven months before the Magistrate Judge entered her recommendation. His objections are insufficient to establish that the Magistrate Judge erred in finding a clear record of delay or recommending dismissal of this case. Consequently, his objections are due to be overruled.

Additionally, Sullivan's submission of a proposed amended complaint on July 23, 2025 (doc. 113-1), comes too late. In his "Motion to Allow Complaint Summital," Sullivan asserts that starting in "February or March," he was "a bit ill in [the] mornings," and starting in May 2025 and becoming "sever[e]" on June 2, 2025, illness has "nearly incapacitated" him. (Doc. 113 at 1). To the extent Sullivan intended this motion to operate as additional objections to the Recommendation, they are untimely; but even if they were timely, they are due to be overruled because they do not establish that the Magistrate Judge erred in her Recommendation. He still does not sufficiently explain why was unable to file an amended

3

complaint by the original October 17, 2024 deadline. Moreover, assuming Sullivan's illness was sufficient to excuse his noncompliance from February 2025 forward, it does not excuse his failure to file an amended complaint or seek relief from the Court in the months between October 17, 2024, and February 2025. Consequently, Sullivan's "Motion to Allow Complaint Summital" is due to be denied.

While the Court is sympathetic to Sullivan's situation, the Court agrees with the Magistrate Judge's statement that "[t]his action cannot remain dormant indefinitely on the docket simply because the vicissitudes of life prevent Sullivan from complying with court orders, filing an amended pleading that complies with the Rules of Civil Procedure and the court's orders, and prosecuting his case." (*See* doc. 109 at 5). Thus, the Court finds that the Magistrate Judge's Recommendation is due to be adopted, and this case is due to be dismissed without prejudice.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. Sullivan's "Motion to Allow Complaint Summital" (doc. 113) is DENIED;

2. Sullivan's objections (doc. 110) are OVERRULED;

3. The Recommendation (doc. 109) is ADOPTED;

4. This case is DISMISSED without prejudice for Sullivan's failure to comply with Court Orders;

5. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 13th day of August, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE